UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CENTER FOR INQUIRY, INC., JENNIFER BEAHAN, AND RICHARD BRAYTON, <br><br> Plaintiffs, <br><br> v. <br><br> LISA POSTHUMUS LYONS in her capacity as Clerk of Kent County, Michigan. <br><br> Defendants. | No.  1:18-cv-609 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND
NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF A MICHIGAN STATUTE**

Plaintiffs Center for Inquiry, Inc. ("Center for Inquiry"), Jennifer Beahan, and Richard Brayton, by and through their attorneys, for their Complaint against Lisa Posthumus Lyons in her capacity as Clerk of Kent County, Michigan, allege as follows:

## I.  INTRODUCTION

1. Chapter 551 of Michigan Compiled Laws, titled Marriage, includes § 551.7, "Persons authorized to solemnize marriage; records; return of licenses and certificates; disposition of fees charged by mayor or county clerk." Mich. Comp. Laws § 551.7. This law specifies that marriages in Michigan may be solemnized only by a small number of secular elected officials and a large number of clergy or other persons associated with religious organizations. Plaintiffs in this case consist of an organization that is devoted to the pursuit of ethical alternatives to religion as well as Jennifer Beahan, and Richard Brayton, members of the organization resident in Michigan, active participants and officers in its Michigan branch, who

have been trained through the organization to solemnize marriage ceremonies consistent with the organization's ideals and principles.

2. Such a ceremony cannot be lawfully and validly performed in Michigan because Mich. Comp. Laws § 551.7 provides that only selected public officials and certain persons associated with religious groups can solemnize marriages.

3. This statute is unconstitutional and appropriate injunctive and declaratory relief should issue.

## II.  JURISDICTION, VENUE, AND CAUSE OF ACTION

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Fed. R. Civ. P. 57.

7. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

## III.  PARTIES

8. The Center for Inquiry, Inc. ("CFI"), is a New York non-profit organization, authorized to do business in Michigan, headquartered in the State of New York. The Center for Inquiry has over 30,000 members across the nation, including 972 in Michigan. The Center for Inquiry operates an active branch in Michigan, ("CFI Michigan"), holding regular meetings and events for its members and others.

9. Jennifer Beahan is a secular celebrant certified with the Center for Inquiry. She resides in Grand Rapids, Michigan, and is Program Director for CFI Michigan.

10. Richard Brayton is a secular celebrant certified with the Center for Inquiry. He resides in Grand Rapids, Michigan, and is CFI Michigan's Advisory Board Chair and a member of its Programming Committee.

11. Lisa Posthumus Lyons is the duly elected County Clerk of Kent County, Michigan and is sued in her official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

## IV. FACTS

12. Michigan law provides that the county clerk issues marriage licenses to residents who intend to marry. Mich. Comp. Laws § 551.101.

13. When a marriage application has been completed, both parties have appeared before the county clerk, and the marriage license fee has been paid, if both parties are legally entitled to be married the county clerk must issue a license to marry. Mich. Comp. Laws § 551.103.

14. Michigan law further provides that "Marriages may be solemnized by any of the following:

(a) A judge of the district court, anywhere in this state.

(b) A district court magistrate, anywhere in this state.

(c) A municipal judge, in the city in which the judge is serving or in a township over which a municipal court has jurisdiction under section 9928 of the revised judicature act of 1961, 1961 PA 236, MCL 600.9928.

(d) A judge of probate, anywhere in this state.

(e) A judge of a federal court.

(f) A mayor of a city, anywhere in a county in which that city is located.

(g) A county clerk, in the county in which the clerk serves, or in another county with the written authorization of the clerk of the other county.

3

  (h)  For a county having more than 1,500,000 inhabitants, an employee of the county clerk's office designated by the county clerk, in the county in which the clerk serves.

  (i)  A minister of the gospel or cleric or religious practitioner, anywhere in this state, if the minister or cleric or religious practitioner is ordained or authorized to solemnize marriages according to the usages of the denomination.

  (j)  A minister of the gospel or cleric or religious practitioner, anywhere in this state, if the minister or cleric or religious practitioner is not a resident of this state but is authorized to solemnize marriages under the laws of the state in which the minister or cleric or religious practitioner resides." Mich. Comp. Laws § 551.7(1).

15. The person solemnizing the marriage shall "keep proper records and return licenses and certificates as required. Mich. Comp. Laws § 551.7(2).

16. Michigan law provides that any marriage that meets the above requirements is a valid marriage. Mich. Comp. Laws § 551.2.

17. Besides court personnel and public officials, only religious officials can solemnize marriages in Michigan. Mich. Comp. Laws § 551.7.

18. Religion is defined as an "organized system of beliefs, ceremonies, and rules used to worship a god or a group of gods." See Merriam Webster Dictionary, 2015 *available at* http://www.merriam-webster.com/dictionary/religion.

19. The Center for Inquiry is a membership organization with over 30,000 members who have subscribed to its publications or donated to the organization. Of these members, 972 are citizens of Michigan. It has over 210,000 persons on its email contact list who have demonstrated interest in the organization, of which at least 7,485 are Michigan citizens.

20. The Center for Inquiry operates branch organizations across the country, including in Michigan. The Michigan branch, like the national organization, engages in educational and social activities, including regular meetings for its membership. CFI Michigan

also participates in activities designed to promote the acceptance and equal treatment of those without religious belief or affiliation in society.

21. The mission of the Center for Inquiry is to foster a secular society based upon reason, science, freedom of inquiry, and humanist values. Its vision is a world where people value evidence and critical thinking, where superstition and prejudice subside, and where science and compassion guide public policy.

22. As such, The Center for Inquiry is an organization that is purely secular and maintains that scientific methods and reasoning should be utilized in examining the claims of religion. It maintains that religion is a human creation but that there are basic human values or ethical principles that should govern human behavior and which express a commitment to improve human welfare in this world.

23. The Center for Inquiry promotes values often denominated as secular humanism. It also denies a supernatural source of values exists or that a supernatural source is required for human life to have meaning, values and ethics. Instead, the Center for Inquiry challenges persons to develop their own values, recognizing however, that the basic components of effective morality – integrity, trustworthiness, benevolence, and fairness – should be the universally recognized source of human values.

24. The Center for Inquiry offers a non-religious template that may guide persons in pursuing fulfilling and humane lives – lives that are rich intellectually, ethically, and emotionally – without reliance on religious faith.

25. The Center for Inquiry therefore presents for its members and supporters a detailed and structured philosophy of life.

26. Jennifer Beahan is a certified secular celebrant with the Center for Inquiry. She completed training as a secular celebrant in Indianapolis, Indiana in 2011, and was officially certified in May 2018. She currently serves as the Program Director of CFI Michigan. Beahan wishes to solemnize marriages for those seeking a non-religious based marriage in Michigan, but, as a result of Michigan's laws, cannot perform this service.

27. Richard Brayton is a certified secular celebrant with the Center for Inquiry. He completed training as a secular celebrant in Grand Rapids, Michigan in 2017, and was officially certified in May 2018. He currently serves as the Chair of the Advisory Board of CFI Michigan, as well as on the organization's Programming Committee. Brayton wishes to solemnize marriages for those seeking a non-religious based marriage in Michigan, but, as a result of Michigan's laws, cannot perform this service.

28. The Center for Inquiry has members in Michigan who would like to be married by a person who has completed the secular celebrant program and is therefore authorized by the Center for Inquiry to solemnize marriages. Much like persons who wish to proclaim and reaffirm their religious faith in religious marriage ceremonies, these members of the Center for Inquiry wish, in their marriage ceremonies, to have a meaningful ceremony that features an assertions of their philosophical and ethical views by having their marriage solemnized by a Center for Inquiry officiant who can help integrate their beliefs into the ceremony.

29. Additionally, non-members have requested that secular celebrants perform their weddings because the non-members do not desire to have religious weddings, but wish to have meaningful secular ceremonies.

30. A ceremony solemnized by secular elected officials is often not an acceptable alternative for any number of reasons including, but not limited to: limitations on time and place

ceremonies may occur, the fact that religious concepts and language may be included notwithstanding the couple's desires, the couple does not want the governmental overtone that the elected official's presence carries, and the official typically does not know the couple personally and therefore cannot construct a service which expresses the couple's values and personalities.

31. As an organization, the Center for Inquiry desires that its secular celebrants perform weddings for all those who request such weddings, both members and non-members. The Center for Inquiry believes this to be an important community service for persons desiring to have a meaningful but non-religious, wedding. Moreover, having its secular celebrants perform marriages is an important way for the Center for Inquiry to assert, express and publicize the organization's philosophical and ethical views.

32. Neither Beahan, nor Brayton, nor any other Center for Inquiry members in Michigan who are certified secular celebrants are persons who are allowed to solemnize marriages pursuant to Mich. Comp. Laws § 551.7[njl1].

33. Michigan law provides that a person who conducts a marriage ceremony knowing that his or her performance is not authorized by law commits a misdemeanor. Mich. Comp. Laws § 551.15.

34. Beahan and Brayton, and the other Center for Inquiry members from Michigan who are certified secular celebrants are therefore prevented from solemnizing marriages in Michigan.

35. Beahan and Brayton have been requested to officiate at multiple weddings. CFI Michigan has received multiple requests to provide secular celebrants to officiate at weddings. Both the certified celebrants and the organization have been required to inform these couples

that while secular celebrants may officiate over the ceremony, they may not, under Michigan law, solemnize the marriage itself, and the couple must therefore take an extra step to qualify as married in Michigan.

36. The couples who request that Beahan and Brayton solemnize their marriages, or who request a secular celebrant from CFI Michigan solemnize their marriages, are denied the wedding ceremony that would represent a meaningful expression of their life views and would reflect their philosophy

37. At all times defendants have acted and failed to act under color of state law.

38. Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

39. Plaintiffs have repeatedly sought to remedy this situation through the legislative process, and have been unable to do so. Most recently, plaintiffs requested their state senators and representatives to introduce legislation to include secular celebrants in the list of those permitted to solemnize marriages in Michigan under Mich. Comp. Laws § 551.7(1).

40. Those elected officials have not acted. No legislation to permit secular celebrants to solemnize marriages in Michigan has been introduced.

41. Plaintiffs have also contacted the offices of the Governor and Attorney General of Michigan to inform them of the unconstitutionality of the statute.

42. Recent communications from the office of the Solicitor General, Aaron D. Lindstrom, indicate that the executive branch in Michigan does not view the statute as unconstitutional despite its exclusion of secular celebrants based solely on their lack of religious belief. *See* Appendix A.

43. The response from the Solicitor General recommends that Plaintiffs should "work through the democratic process" to change the law, a tactic which Plaintiffs have already attempted.

## V. LEGAL CLAIMS

### COUNT I – VIOLATION OF 42 U.S.C. § 1983

44. The Supreme Court forbids distinctions between religious and secular beliefs that hold the same place in adherents' lives. *Welsh v. United States*, 398 U.S. 333 (1970); *see also Ctr. for Inquiry, Inc. v. Marion Circuit Court Clerk*, 758 F. 3d 869, 873 (7th Cir. 2014).

45. Michigan law, Mich. Comp. Laws § 551.7, which allows people to be married by the religious leaders of their choice, while denying these opportunities to plaintiffs, creates a preference for religion over non-religion in violation of the Establishment Clause of the First Amendment of the United States Constitution and therefore denies rights secured by the first Amendment to:

    a. The Center for Inquiry for which the ability to perform such ceremonies is an important way of expressing to its members and the public its belief system and further that

    b. Members of CFI Michigan, and other Michigan citizens who desire to be married by a secular celebrant as a celebration of their life philosophies and beliefs.

    c. Beahan and Brayton, who desire to be able to celebrate weddings as a secular celebrant as an expression of their philosophy and system of beliefs.

46. Michigan law, Mich. Comp. Laws § 551.7, extends the right to solemnize marriages to religious leaders and allows persons of faith to be married by religious leaders of their choice while denying this same right to the plaintiffs. This denies rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to:

    a.    The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has members who desire to be married by its certified secular celebrants as well as having members who are certified secular celebrants.

    b.    Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating at marriages, is not a religious celebrant.

    c.    Beahan and Brayton who are denied the ability to celebrate weddings in Illinois despite formal training, because they are not religious celebrants.

47.    This violation of the Equal Protection Clause of the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

## COUNT II – VIOLATION OF
## THE FEDERAL DECLARATORY JUDGMENT ACT
## 28 U.S.C. § 2202

48.    Plaintiffs hereby incorporate and restate all preceding paragraphs of the Complaint.

49.    Plaintiffs request a declaration under the federal Declaratory Judgment Act that the provisions of Michigan's marriage laws which preclude them and/or their membership from being able to solemnize marriage are unconstitutional.

50.    Declaratory judgment should issue compelling Lisa Posthumos Lyons, in her capacity as Clerk of Kent County, Michgan, to accept marriages solemnized by Jennifer Beahan and Richard Brayton in their capacity as secular celebrants certified with the Center for Inquiry.

### VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

    a.    Accept jurisdiction over this case and set it for hearing.

  b. Declare that Mich. Comp. Laws § 551.7 is unconstitutional and, for the reasons noted above, declare that marriages solemnized by Center for Inquiry secular celebrants are not invalid because the secular celebrant is not one of the entities or persons allowed to solemnize marriages pursuant to that statute.

  c. Enter a preliminary injunction, later to be made permanent, enjoining Lisa Posthumos Lyons, in her capacity as Clerk of Kent County, Michigan from precluding secular celebrants including Jennifer Beahan and Richard Brayton from solemnizing marriages.:

  d. Award plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

  e. Award all other relief which is just and proper.

Respectfully submitted this 31st day of May, 2018.

/s/ J. Michael Showalter

J. Michael Showalter
Ashley L. Thompson
Schiff Hardin LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Tel. 312-258-5500
Fac. 312-258-5600
mshowalter@schiffhardin.com
athompson@schiffhardin.com

Jessica Sprovtsoff
Schiff Hardin LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
Tel. 734-222-1500
Fac. 734-222-1501
jsprovtsoff@schiffhardin.com

ATTORNEY FOR PLAINTIFFS

ADDITIONAL COUNSEL:

Nicholas J. Little
Vice President and General Counsel
Center for Inquiry
1012 14th St. N.W.
Suite 205
Washington, D.C. 20005
Tel. 202-734-6494 ext. 203
Fac. 202-733-5292
nlittle@centerforinquiry.org